IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN FOY,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:16-cv-140-DB<br>Crim. No. 1:07-cr-57-DB<br><br>District Judge Dee Benson |

Before the court is Petitioner Stephen Foy's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On May 16, 2007, Foy was charged by indictment with a violation of 18 U.S.C. § 2251(a), Production of Child Pornography. (1:07-cr-0057-DB, Dkt. No. 1.) Following plea negotiations, on December 2, 2008, the United States filed a felony information charging Foy with a violation of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography. (*Id.*, Dkt. No. 37.) On December 23, 2008, Foy pled guilty to the felony information. (*Id.*, Dkt. No. 40.) Pursuant to a written plea agreement, and in return for Foy's guilty plea, the United States agreed to move to dismiss the original indictment at the time of sentencing and to recommend a 120 month term of imprisonment with a lifetime term of supervised release. (*Id.*, Dkt. No. 43 at 5.)

The plea agreement was silent as to any pending state charges or sentences. (*Id.*) Foy signed the plea agreement, which included the following affirmation:

> This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements (*sic*) that are not disclosed to the Court.

(*Id.* at 5.) The court was not informed of any additional terms at the time Foy entered his plea of guilty. (*Id.*, Dkt. No. 40.)

On May 13, 2009, this court sentenced Foy to a prison term of 120 months and supervised release for life, consistent with the joint recommendation of the parties and their plea agreement. (*Id.*, Dkt. No. 47.) Foy was represented at the sentencing hearing by Gary Gale. (*Id.*) At the hearing, the court ordered that Foy be placed at a Federal Correctional Institution as soon as possible for purposes of medical treatment. (*Id.*) Foy's state charges were not discussed at the sentencing hearing.

On May 19, 2009, Foy was sentenced in the State of Utah to an indeterminate period of zero to five years in the Utah State Prison for the crime of sexual activity with a minor. (*Id.*, Dkt. No. 51.) The state court sentence was ordered to run concurrent to Foy's federal sentence. (*Id.*, Dkt. No. 53.)

On or about June 2011, Foy requested from the United States Bureau of Prisons (the "BOP") a retroactive credit toward his 120-month federal sentence for the time he had served in his state case. (*Id.*) On June 27, 2011, the United States filed a motion in this court seeking clarification as to whether the federal sentence was to run concurrent or consecutive to Foy's state sentence. (*Id.*) On May 3, 2012, Foy was released into sole federal custody. (*Id.*, Dkt. No

53.) Thereafter, Foy was informed that the BOP had determined that Foy's federal sentence would run consecutive to the state time Foy had served. (*Id.*) Foy engaged in the BOP's administrative procedures and appeal process. (*Id.*) On March 2, 2014, the BOP issued its final determination on Foy's appeal, stating that because the court had "remained 'silent regarding the relationship of the federal sentence to any impending state sentence'[,] Title 18 U.S.C. § 3584 requires the sentences to be consecutive." (*Id.* at 4.)

On April 7, 2015, Foy filed a pro se motion pursuant to Fed. R. Crim. P. 36, seeking clarification or correction of his federal sentence. (*Id.*) In his motion, Foy requested that this court "clarify its intention as to how the sentence it imposed was to relate to the, at the time pending, State sentence." (*Id.*) On May 18, 2016, this court issued an amended judgment clarifying that "[t]his sentence shall run consecutive with [Foy's] state case." (*Id.*, Dkt. No. 58.) On May 31, 2015, Foy filed a notice of appeal. (*Id.*, Dkt. No. 60.) On November 25, 2016, the United States Court of Appeals for the Tenth Circuit affirmed this Court's denial of Foy's Rule 36 motion. (Appellate Case 16-4100 at Doc. 01019726708.)

On September 12, 2016, Foy filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (1:16-cv-140, Dkt. No. 1.) In his petition, Foy appears to express two grievances. First, Foy argues that he should have been placed in federal custody as soon as possible, pursuant to this court's order at sentencing. (*Id.*) Second, Foy asserts his counsel was ineffective for failing to ask the Court to order a concurrent sentence with the yet-to-be-imposed state sentence. (*Id.*)

DISCUSSION

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected if their "sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(f) provides a one-year period in which to file a § 2255(a) motion, running from the later of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] § 2255(f)(1), (4).

"[A] judgment of conviction becomes final" under § 2255(f)(1) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). When an amended judgment is entered, "the statute of limitations does not recommence from the date of the resentencing judgment." *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007). Thus, even if this court had amended Foy's sentence in its May 18, 2016 Amended Judgment, rather than merely affirming the consecutive nature of the sentence, the statute of limitations would not have recommenced for purposes of § 2255. Because Foy did not file a direct appeal of his sentence, his judgment of conviction became final 14 days after his federal sentence was imposed on May 13, 2009. Fed. R. App. P. 4(b)(1). Foy did not file his § 2255 petition until September 12, 2016, over six years after the one-year limitation period set forth in § 2255 had expired.

---

[1] There are two other grounds that can trigger the limitations period, but neither applies to this Petition. § 2255(f)(2)-(3).

Foy also failed to file his petition within one year of "the date on which the facts supporting [his claims] could have been discovered through the exercise of due diligence." §2255(f)(4). Foy was returned to state custody on or about June 19, 2009. (1:07-cr-0057-DB, Dkt. No. 53, Ex. A.) Thus, Foy knew that he had not been placed in federal custody as of that date. As such, the statute of limitations for Foy's first claim—that he should have been placed in federal custody as soon as possible, pursuant to this court's order at sentencing—expired no later than June 19, 2010, over six years before the filing of Foy's petition.

As to Foy's second claim for ineffective assistance of counsel, Foy knew at the time of sentencing on May 13, 2009, that concurrent sentencing was not discussed in his plea agreement, and that whether the sentence should run concurrent with any state sentence imposed was not discussed at the sentencing hearing. As such, through the exercise of due diligence, Foy should have known that his sentence was not guaranteed to run concurrently with his state sentence at that time. Even if Foy may have had some doubt at the time of sentencing, Foy acknowledged in his Rule 36 Motion that he knew of the BOP's position that the sentences would run consecutive, rather than concurrent, no later than the final determination of the BOP administrative remedy process on March 2, 2014. Thus, to be timely, Foy would have had to file his petition no later than March 2, 2015. Foy did not file his petition until over a year later, on September 12, 2016.

Furthermore, Foy has not provided any basis for equitable tolling of the statute of limitations set forth in § 2255(f). "For equitable tolling to apply, the movant must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' to prevent timely filing." *United States v. Rauch*, 520 F. App'x 656, 658 (10th Cir.

2013)(citation omitted). Foy has not provided any facts to demonstrate that he has pursued his § 2255 rights diligently, or that any extraordinary circumstance prevented him from timely filing.

Foy's petition was not timely filed, and the court finds no basis to equitably toll the deadline. As such, Foy's petition must be denied.

## CONCLUSION

For the reasons set forth herein, Foy's Motion to Vacate, Set Aside, or Correct Sentence is DENIED. The court also hereby DENIES a certificate of appealability in this case, pursuant to Rule 11 of the Rules Governing Section 2255 cases.

DATED this 15th day of June, 2017.

BY THE COURT:

Dee Benson
United States District Judge